**Affirmed and Memorandum Opinion filed May 2, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00160-CR
### NO. 14-12-00161-CR

## ROWENA MANUELA KLINKER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 400th District Court
### Fort Bend County, Texas
### Trial Court Cause Nos. 09-DCR-051626, 09-DCR-052114

## MEMORANDUM OPINION

Appellant Rowena Manuela Klinker was indicted for two counts of aggravated sexual assault of a child alleged to have occurred on July 1, 2007; she pleaded guilty. The trial court ordered a pre-sentence investigation and heard arguments on punishment. On January 19, 2012, the trial court sentenced the appellant to 20 years' confinement for each offense, with the sentences to run concurrently. In two issues, the appellant challenges her punishment on appeal.

We affirm.

## ANALYSIS

## I.    Community Supervision

In her first issue, the appellant contends that the trial court erred by failing to place her on community supervision when evidence in the record showed that such placement was in the best interest of the complainant.

We defer to the factfinder's responsibility to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Further, we review a sentence imposed by the trial court for abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Buerger v. State*, 60 S.W.3d 358, 363 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Generally, if the trial court assesses punishment within the statutorily prescribed limits, the punishment will not be disturbed on appeal. *Jackson*, 680 S.W.2d at 814; *Harris v. State*, 204 S.W.3d 19, 29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

A defendant charged with aggravated sexual assault of a child may be placed on community supervision "only if the judge makes a finding in open court that placing the defendant on community supervision is in the best interest of the victim." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2012). Absent such a finding, a trial court is bound to enter a sentence of imprisonment for life or for a term of between 5 and 99 years. *See* Tex. Penal Code Ann. § 12.32 (Vernon 2011); *Young v. State*, No. 01-09-00790-CR, __ S.W.3d __, 2012 WL 668927, at *3 (Tex. App.—Houston [1st Dist.] March 1, 2012, pet. ref'd).

The appellant's argument relies on two paragraphs from a letter by the

2

complainant written to the trial court:

> Every one [sic] has a storm in their life, some big some small. I will tell you one thing that might have been on [sic] of my biggest storms I will ever have in my life. Out of the biggest storm came the biggest blessing! By God's grace and mercies I am living here today drug and razor free. I came out pretty strong with a good head on my shoulders. If it was not for all this mess I would not have started going to church, I would not have started dancing or playing volleyball! So through all of the mess you have created I realized I am stronger and better than ever.
>
> As far as punishment and what I would like to see happen. Is up to God I just ask one thing please, That she has to get some help from some one [sic] who is trained to help her. To see that this never happens again to another kid.

The appellant construes these paragraphs as evidence that it was in the best interest of the complainant that the appellant be placed on community supervision. The trial court reached a different conclusion: "This Court has heard not one shred of evidence that would support such a finding. Everything I've heard has been about [the appellant], and not about the victim." A review of the record confirms the trial court's assessment that all of the evidence presented pertained solely to the appellant.

The trial court acted within its discretion in concluding that community supervision is not warranted in this case. The complainant neither asked for community supervision nor advocated a prison sentence. Her request that the appellant "get some help" is likewise ambivalent as to the issue of a prison sentence. In the supervision plan at the conclusion of the PSI report, the appellant's community supervision officer made it clear that counseling programs were available both inside and outside of prison:

Should the Court sentence [the appellant] to the Texas Department of

3

Corrections Institutional Division, the following recommendations are respectfully recommended:

1. Attend, participate, and successfully complete sex offender counseling as offered by the Texas Department of Corrections Institutional Division.

*     *     *

Should the Court decide to place [the appellant] on probation, the following conditions of probation are respectfully recommended:

1. Per the psychological evaluation by Dr. Gollaher, attend, participate, and successfully complete sex offender counseling at her own expense and abide by all special conditions of probation in the Sex Offender Addendum.

The appellant does not contend that she would lack access to effective counseling programs in prison.

In any event, it is the trial court's responsibility to weigh the evidence, and our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally. *Isassi*, 330 S.W.3d at 633. Here, the trial court acted rationally in determining that the record contained no evidence that placing the appellant on community supervision was in the victim's best interest. Accordingly, the trial court did not err by refusing to consider community supervision, nor did it abuse its discretion in sentencing the appellant to 20 years' confinement on each count. *See Jackson*, 680 S.W.2d at 814; *Harris*, 204 S.W.3d at 29.

We overrule the appellant's first issue.

## II.     Arbitrariness

In her second issue, the appellant contends that the trial court's assessment

4

of 20 years' confinement was arbitrary or unreasonable because it was not based upon the evidence, but rather the "number of chances the court had given [the appellant]."

The appellant did not raise this issue below and has thus failed to preserve it for appeal. Tex. R. App. P. 33.1(a).

We overrule the appellant's second issue.

## CONCLUSION

Having overruled both of the appellant's issues on appeal, we affirm the judgment of the trial court.

/s/    William J. Boyce
Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).