Opinion issued July 11, 2019



In The

# Court of Appeals

For The

## First District of Texas

————————————

## NO. 01-18-01005-CR

———————————

## TRELENN POOLE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1556673

## MEMORANDUM OPINION

Appellant, Trelenn Poole, has filed a motion for rehearing from this Court's June 13, 2019 opinion. We deny the motion for rehearing; however, we withdraw our opinion and issue this opinion in its stead. Our judgment of June 13, 2019, remains unchanged.

Appellant, Trelenn Poole, pleaded guilty to aggravated robbery with a deadly weapon,[1] and after a presentence investigation, the trial court found him guilty and assessed punishment at 25 years' confinement. In two issues on appeal, appellant contends that he received (1) cruel and unusual punishment and (2) ineffective assistance of counsel. We affirm.

## BACKGROUND

*Factual Background*

Appellant, who was carrying a gun, approached retired Houston Police Officer Joe Aldaco and demanded Aldaco's gold chain. Aldaco complied with appellant's demand, but had trouble getting the chain off his neck, so appellant said, "Hurry up, you're stalling." Appellant then discharged his gun to show that he "meant business." Aldaco offered to break the chain to get it off, but appellant told him not to because this was the way appellant made his living.

After retrieving the gold chain, appellant told Aldaco to get on his knees and asked for Aldaco's wallet. When Aldaco opened his wallet he said, "HPD." Appellant then took the wallet, panicked, and ran off.

*Procedural Background*

Appellant pleaded guilty to aggravated robbery with a deadly weapon. At the close of the presentence investigation hearing, defense counsel told the trial court

---

[1]     *See* TEX. PENAL CODE § 29.03(a)(2).

that "this was not a probation case," and asked the trial court to assess a punishment of five years in light of appellant's age (22 years old) and the fact that appellant had a child. The State, in contrast, asked for a sentence of 30 years because appellant confessed to robbing Aldaco "execution style" while he was on his knees, discharged his weapon during the offense, and had another pending robbery case.

The trial court assessed punishment at 25 years' confinement.

## CRUEL AND UNUSUAL PUNISHMENT

In his second issue, appellant contends that "appellant received cruel and unusual punishment where the record reflects that he received twenty-five years [in prison] but was eligible for parole." Specifically, appellant claims that "his sentence is disproportionate to the offense for which he was charged and violates the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment[.]"

Failure to object properly to an error at trial, even a constitutional error, waives the complaint on appeal. *Perez v. State*, 464 S.W.3d 34, 42 (Tex. App.— Houston [1st Dist.] 2015, pet. ref'd); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *see also Rhoades*

3

*v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that defendant waived any error regarding violation of state constitutional right against cruel and unusual punishment because argument was presented for first time on appeal); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding appellant's assertion that sentence was grossly disproportionate waived when complaint not raised by objection in trial court or by motion for new trial); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that failure to object to sentence in trial court on grounds that it violated federal and state constitutional bans on cruel and unusual punishment waived appellate review of those claims).

Appellant never objected to the alleged disproportionality of his sentence either when the trial court imposed the sentence or in a post-trial motion. We conclude that, by failing to raise the issue with the trial court, appellant did not preserve any challenge to the disproportionality of his sentence under either the United States or Texas Constitution. We hold that appellant's complaint regarding his sentence is waived on appeal. *See* TEX. R. APP. P. 33.1(a*)*; *see also Rhoades*, 934 S.W.2d at 120; *Noland*, 264 S.W.3d at 151–52; *Solis*, 945 S.W.2d at 301.

Accordingly, we overrule issue two.

4

## INEFFECTIVE ASSISTANCE OF COUNSEL

In issue one, appellant contends that he received ineffective assistance of counsel at trial because defense counsel failed to (1) prove his eligibility for probation, (2) argue for probation, (3) cross-examine the complainant, or (4) object to cruel and unusual punishment.

*Standard of Review*

The Sixth Amendment to the United States Constitution guarantees the right to the reasonably effective assistance of counsel in criminal prosecutions. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see* U.S. CONST. amend. VI. To prove a claim of ineffective assistance of counsel, appellant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006).

Appellant has the burden to establish both prongs of *Strickland* by a preponderance of the evidence. *See Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Strickland*, 466 U.S. at 697. We apply the same two-prong *Strickland* standard of review to claims of ineffective assistance of counsel during both the guilt and punishment phases of trial. *See Hernandez v. State*, 988 S.W.2d 770, 772–74 (Tex. Crim. App. 1999).

*Failure to Cross-Examine Complainant*

Appellant contends that he received ineffective assistance of counsel because defense counsel did not cross-examine Aldaco. Appellant argues that defense counsel should have elicited evidence that appellant did not harm Aldaco and fled upon realizing that Aldaco was HPD. However, this evidence was elicited during Aldaco's direct examination. Defense counsel was not ineffective for failing to elicit evidence that the trial court had already heard.

*Community Supervision*

Appellant contends that he received ineffective assistance of counsel because defense counsel (1) did not prove appellant's eligibility for community supervision, but instead (2) told the trial court that this was "not a probation case." However, appellant pleaded guilty to aggravated robbery and the judgment included a deadly

6

weapon finding. A trial court cannot order community supervision in such cases. *See* TEX. CODE CRIM. PROC. art. 42A.054 (a)(10), (b)(1)(A). Because appellant was not eligible for judge-ordered community supervision, defense counsel was not ineffective for not proving appellant's eligibility or for arguing that this "was not a probation case."

Appellant was, however, eligible for deferred adjudication. *See* TEX. CODE CRIM. PROC. art. 42A.102. And, the trial court has the discretion to impose deferred adjudication even without a motion by the defendant. *See id.* at 42A.101. Even if we were to find that defense counsel was ineffective for failing to request deferred adjudication,[2] appellant has not shown harm. "To establish prejudice [an appellant] must demonstrate that, had his trial counsel filed a motion for deferred adjudication, a reasonable probability exists that the trial court would have granted this motion and imposed deferred adjudication community supervision instead of [the punishment assessed]." *Young v. State*, 425 S.W.3d 469, 477 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (J. Keyes, concurring).

---

[2] No evidence in the record demonstrates defense counsel's trial strategy in choosing not to argue for deferred adjudication or that no reasonable attorney would have employed such a strategy, thus he has not rebutted the presumption that this decision was reasonable, and counsel was effective. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Indeed, given the facts of this case—an aggravated robbery of a retired police officer, appellant's significant criminal history, and pending felony charges—a reasonable trial strategy could have been to *not* ask for deferred adjudication, but to request a punishment on the lower end of the applicable range of punishment. Indeed, that is the strategy that defense counsel employed, asking for a five-year-punishment.

Here, appellant pleaded guilty to the aggravated robbery of an undercover police officer. He used a deadly weapon during the offense. There was also evidence that appellant had a significant criminal history of both juvenile and adult cases. He also had another pending felony charge. Given these facts and the trial court's broad discretion in assessing punishment, appellant cannot show that but for counsel's failure to request deferred adjudication, he would have received a lesser punishment. As mentioned earlier, the trial court could have imposed deferred adjudication community supervision even without a motion from the defendant, but it chose not to do so. Indeed, the trial court assessed punishment at 25 years' confinement, well above the five years requested by defense counsel. As such, appellant cannot show a reasonable probability that, had defense counsel requested deferred adjudication, the result of the case would have been different. *See Lopez*, 343 S.W.3d at 142.

*Cruel and Unusual Punishment*

Finally, appellant contends he received ineffective assistance because defense counsel did not object that his 25-year-sentence was cruel and unusual punishment. Appellant contends that "a twenty-five year sentence is grossly disproportionate to the crime in light of the fact that [appellant] has no prior felony convictions and has never been granted adult probation in this or any other state in the United States."

The Eighth Amendment to the Constitution of the United States provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 675 (1962). However, it is well settled in Texas that, when, as here, a sentence falls within the statutory range of punishment, it is generally not unconstitutional. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). However, a very narrow exception to the general rule exists—an individual's sentence may be unconstitutional, despite falling within the statutory range, if it is grossly disproportionate to the offense. *Solem v Helm*, 463 U.S. 277, 287–90 (1983). Nonetheless, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Id*. at 289–90 (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323 (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). "In the rare case in which this threshold comparison leads to an inference of gross

disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* (citing *Graham*, 560 U.S. at 60, 130 S. Ct. 2011). "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.*

Here, appellant's aggravated-robbery-with-a-deadly-weapon offense had a punishment range of 5 to 99 years' imprisonment. *See* TEX. PENAL CODE § 12.32, 29.03(a)(2). Appellant's 25-year-sentence is in the low-end of that range. The charged crime included a deadly weapon finding, and, appellant actually discharged his weapon during the offense. While appellant points out in his brief that he has no prior felony convictions or adult probations, the record from the presentence investigation hearing shows a criminal history dating back to 2011. And, at the time of this trial, appellant had additional pending charges for aggravated robbery and child endangerment.

Considering the evidence in this case, this is not one of those "rare" cases in which gross disproportionality can be inferred. *See Simpson*, 488 S.W.3d at 323. Accordingly, appellant's sentence, which was within the range of punishment for the given offense, does not violate the Eighth Amendment. Because appellant's sentence was not cruel and unusual, defense counsel was not ineffective for failing to object that it was.

We overrule issue one.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).