**Opinion issued October 30, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00834-CR

_____

**ROBERT CARNALL JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from Criminal District Court No. 4**
**Tarrant County,[1] Texas**
**Trial Court Case No. 1786994**

---

[1]  Pursuant to its docket equalization authority, the Texas Supreme Court transferred this appeal from the Court of Appeals for the Second District of Texas. *See* Misc. Docket No. 24–9081 (Tex. Oct. 14, 2024); *see also* TEX. GOV'T CODE ANN. § 73.001 (authorizing transfer of cases between courts of appeals). Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." TEX. R. APP. P. 41.3. The parties have not cited, nor has our research revealed, any conflict between the precedent of the Second Court of Appeals and that of this Court on any relevant issue.

## MEMORANDUM OPINION

Appellant Robert Carnall Jones pleaded guilty to the felony offense of aggravated robbery with a deadly weapon[2] and true to a repeat offender notice. Consistent with a plea agreement, the trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for ten years. The State later moved to adjudicate appellant's guilt, alleging that he had violated certain terms and conditions of his community supervision. After a hearing on the State's petition to proceed to adjudication, the trial court adjudicated appellant guilty of aggravated robbery and assessed his punishment at fifteen years' confinement. In his sole issue, appellant contends that his punishment constitutes cruel and unusual punishment in violation of the Texas and United States Constitutions.

We affirm.

## Background

On June 30, 2023, appellant was indicted for the felony offense of aggravated robbery with a deadly weapon. Pursuant to a plea agreement, appellant

---

[2]     *See* TEX. PENAL CODE ANN. § 29.03(a) ("A person commits an offense [of aggravated robbery] if he commits robbery as defined in [Texas Penal Code] [s]ection 29.02[] and he . . . (2) uses or exhibits a deadly weapon . . . .").

pleaded guilty to the charged offense and true to the repeat offender notice.[3] The trial court deferred a finding of guilt and placed appellant on community supervision for ten years.

On February 2, 2024, the State filed a petition to proceed to adjudication. The petition alleged that appellant had violated certain terms and conditions of his community supervision, including by committing two new offenses, namely, theft of property in an amount greater than $100 but less than $750.[4] Appellant pleaded true to the alleged probation violations. After finding appellant's plea to be voluntary and the allegations to be true, the trial court ordered a pre-sentence investigation report ("PSI").

At the punishment hearing, appellant testified on his own behalf, and the PSI report and supplemental report were admitted into evidence. Appellant testified that his life took a turn after his divorce. He began drinking alcohol, using drugs, and engaging in criminal behavior. Appellant was charged with several offenses between 2014 and 2018. He testified that he had previously been placed on probation, although it was later revoked and he served a two-year sentence.

---

[3]  Appellant was previously convicted of the felony offense of fraudulent use/possession of identifying information of fewer than five items, committed against an elderly individual. *See id.* § 32.51(c-1)(1).

[4]  The petition further alleged that appellant had failed to report to the Community Supervision and Corrections Department ("CSCD"), provided an inaccurate address to CSCD, and failed to report to CSCD for a risk screening or assessment.

After finding the allegations in the State's petition true, the trial court found appellant guilty of the felony offense of aggravated robbery and assessed his punishment at fifteen years' confinement.

## Discussion

In his sole issue, appellant contends that his fifteen-year sentence is disproportionate to the offense and violates his constitutional right against cruel and unusual punishment. The State responds that appellant failed to preserve his complaint for appellate review and, even if he had, his sentence is not grossly disproportionate to the crime of conviction.

### A. Preservation of Complaint

"[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see also Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). An objection is timely if it is made as soon as the ground for the complaint becomes apparent, meaning "as soon as the [objecting party] knows or should know that an error has occurred." *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016) (internal quotations omitted).

4

The objection must also be specific. *See Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996).

The record shows that appellant did not object when the trial court pronounced his sentence or complain that his sentence constituted cruel and unusual punishment in a motion for new trial. Having failed to do so, appellant has waived this issue for our review. *See* TEX. R. APP. P. 33.1(a); *see also Noland*, 264 S.W.3d at 151–52. However, even if appellant had preserved his issue, his complaint fails for the reasons below.

**B.     Prohibition Against Cruel and Unusual Punishment**

Appellant asserts that his fifteen-year sentence, although within the punishment range provided for this offense, is disproportionate to the crime of conviction and therefore violates the prohibition against cruel and unusual punishment under the Texas and United States Constitutions.

The Eighth Amendment provides that "cruel and unusual punishments" shall not be inflicted. U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–67 (1962)). Section 13 of the Texas Constitution also protects against "cruel or unusual punishment." TEX. CONST., art. 1, § 13. A criminal sentence must be proportionate to the crime for which a defendant has been

convicted. *See Solem v. Helm*, 463 U.S. 277, 290 (1983); *Noland*, 264 S.W.3d at 151. This principle does not require strict proportionality between the crime and the sentence; rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime. *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016).

Texas courts have generally held that a punishment that falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See id.* at 323 (noting "this Court has traditionally held that punishment assessed within the statutory limits . . . is not excessive, cruel, or unusual"); *Young v. State*, 425 S.W.3d 469, 474 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (same). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006).

In conducting a proportionality analysis, we consider (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292. Only if we find that the sentence is grossly disproportionate to the offense under the first factor of

the *Solem* test will we then consider the second and third factors. *Ajisebutu v. State*, 236 S.W.3d 309, 315 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

Here, appellant judicially confessed to aggravated robbery, which is a first-degree felony offense. *See* TEX. PENAL CODE ANN. § 29.03(b). Appellant also pleaded true to the repeat offender notice, which elevated the crime to an enhanced first-degree felony offense, making his crime punishable for life or any term of not more than ninety-nine years or less than fifteen years. *See id.* § 12.42(c)(1). After considering appellant's testimony and the PSI reports presented at the hearing, the trial court sentenced appellant to fifteen years' confinement, which is the minimum sentence under the applicable statutory punishment range.

Appellant's sentence is not grossly disproportionate to the crime of conviction. In light of our conclusion, we find it unnecessary to consider the remaining factors of the *Solem* test. *See Simpson*, 488 S.W.3d at 323 (concluding that appellant's sentence was not grossly disproportionate to offense, making it unnecessary to consider sentences imposed on others). Appellant's issue is overruled.

**Conclusion**

We affirm the trial court's judgment.

Kristin Guiney
Justice

7

Panel consists of Justices Guerra, Guiney, and Johnson.

Do not publish.   TEX. R. APP. P. 47.2(b).