**Opinion issued September 30, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00989-CR

———————————

**TRESTAN JEMAL PRESCOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1372308**

## MEMORANDUM OPINION

Trestan Prescott pleaded guilty, without an agreed recommendation as to punishment, to indecency with a child, a second-degree felony.[1] The trial court sentenced Prescott to six years' confinement. In three issues, Prescott alleges that

---

[1]      *See* TEX. PENAL CODE ANN. § 21.11 (West 2011).

(1) his sentence was grossly disproportionate to the offense, qualifying it as cruel and unusual punishment; (2) he received ineffective assistance of counsel at the sentencing phase of the trial; and (3) he is entitled to a new trial because his pre-sentencing investigation report was not included in the appellate record.

We affirm.

## Background

Trestan Prescott was indicted for the first-degree felony offense of aggravated sexual assault of a child.[2] He pleaded guilty to the lesser offense of indecency with a child. The trial court ordered the preparation of a presentence investigation report, which was prepared and submitted to the trial court before Prescott was sentenced.

At the sentencing hearing, J. Braddock, the complainant's mother, testified about Prescott's relationship with her family. She testified that Prescott lived in the apartment above hers but spent a lot of time in her apartment. She allowed this because she wanted to help Prescott get out of his home environment, which she believed to include extensive drug use by Prescott's family members. Additionally, Braddock testified that her boyfriend felt more comfortable leaving her and her children at the apartment in the evenings to go to work if seventeen-year-old Prescott was there to protect the family. Braddock testified that she trusted Prescott

---

[2] *See* TEX. PENAL CODE ANN. § 22.021(West Supp. 2014).

around her children, though she did not typically leave them alone with him. She described Prescott as "a really good friend of ours."

Braddock described what she witnessed when she found Prescott alone with her six-year-old daughter, Amy.[3] Braddock stepped outside of her apartment that evening for a few minutes, leaving Prescott alone in the apartment with Amy and her eight-year-old brother. When she returned, she found the cushions of her couch pulled to the floor and covered with blankets. Prescott was lying next to Amy on the pallet with his hands inside Amy's pajamas. Braddock began yelling at Prescott. He "jump[ed] up . . . off the floor and he ha[d] to fix . . . himself, his pants and what not." Braddock ordered Prescott to leave the apartment. Amy told her mother that Prescott touched her in her "private" area and would not stop. Braddock called her boyfriend at work, and the two took Amy to the emergency room. The emergency room physician examined Amy and noted a hymenal abrasion.

Braddock testified that the incident strongly affected Amy. She became lethargic. She began to have trouble sleeping and would awaken screaming. She would not eat. She also began to fall behind in school. Teachers told Braddock that Amy was having difficulty focusing in class.

---

[3] An alias will be used in place of the minor's name. *See* TEX. R. APP. P. 9.10(a)(3).

During Braddock's testimony, the prosecutor noted that the range of punishment was "probation all the way up to 20 years" and asked Braddock how she felt about the possibility of probation. She responded, "I feel like that wouldn't be justice, that my baby deserves more than that. He needs to be put in prison and he needs to be—get some help." Prescott did not object.

Other evidence at the sentencing hearing established that Prescott functions intellectually at an elementary-school level. He admitted, however, that he knew he was not supposed to "touch" children. He described his actions as "a bad mistake." Prescott requested that he be placed on probation.

At the conclusion of the hearing, the trial court noted that he was "struggling" with whether to grant probation. Specifically, he noted Prescott's young age, his impaired intellectual function, and the absence of any significant criminal history. Ultimately, he concluded that probation was not warranted:

> I just can't abide by or tolerate or have any part of allowing somebody to be on probation that touches a six-year-old little girl. I tried. I thought about it. . . . But when I watch that mom standing up here with tears in her eyes talking about her six-year-old little daughter, when it comes down to it, I just can't do it.

The trial court sentenced Prescott to six years' confinement. Prescott did not object to the sentence or request a new trial.

Prescott timely appealed.

4

**Cruel and Unusual Punishment**

In his second issue, Prescott argues that his punishment constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See* U.S. CONST. amend. VIII.

A defendant must object when his sentence is assessed or file a motion for new trial to preserve a complaint of cruel and unusual punishment. *See* TEX. R. APP. P. 33.1(a); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding defendant failed to preserve Eighth Amendment complaint for appeal); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that defendant's failure to object that punishment was cruel and unusual waived error); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding claim of cruel and unusual punishment could not be raised for first time on appeal).

Prescott did not object when his punishment was announced or move for a new trial. He argues that such actions were not required because the trial court committed "fundamental error" by sentencing him to six years' confinement. The only authority Prescott provides for this argument is a citation to Rule 103(d) of the Rules of Evidence, which provides that notice may be taken of "fundamental errors." TEX. R. EVID. 103(d). Prescott's suggestion of fundamental error is inadequately briefed; therefore, he has waived his argument that cruel and unusual

punishment constitutes fundamental error, asserted to avoid waiver of the issue based on a failure to object. TEX. R. APP. P. 38.1(i).

We nonetheless conclude that the trial court's decision to impose a sentence on Prescott that fell within the applicable statutory punishment range was not fundamental error. *See Young v. State*, 425 S.W.3d 469, 474 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (concluding that sentence at lower end of statutory range not fundamental error); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd) (holding that complaint of cruel and unusual punishment based on sentence that falls within statutory punishment range does not constitute fundamental error). Accordingly, Prescott was required to object when his sentence was assessed or file a motion for new trial to preserve for appeal his contention that he received cruel and unusual punishment. He failed to do so; therefore, the argument is waived.

We overrule Prescott's second issue.

## Ineffective Assistance of Counsel

In his first issue, Prescott contends that he received ineffective assistance of counsel at the punishment hearing. Specifically, he alleges that his counsel was deficient by failing to (1) object that his sentence was cruel and unusual, (2) establish on the record that Prescott was eligible for probation, and (3) object to

6

Braddock's testimony that Prescott should go to prison instead of receiving probation.

## A.     Standard of review

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington,* which dictates that a defendant is entitled to "reasonably effective assistance." 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). A defendant is not, however, ensured "errorless counsel or counsel whose competency is judged by hindsight." *Calderon v. State,* 950 S.W.2d 121, 126 (Tex. App.—El Paso 1997, no pet.).

There are two prongs to a *Strickland* analysis: a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's unprofessional error, there is a reasonable probability that the result of the proceedings would have been different. 466 U.S. at 687–94; *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance is within a wide range of reasonable professional assistance and trial strategy. *See Robertson v. State*, 187 S.W.3d 475,

482–83 (Tex. Crim. App. 2006); *Thompson*, 9 S.W.3d at 813. Prescott has the burden to establish both prongs of the *Strickland* test by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). A failure to make a showing under either prong defeats an ineffective-assistance claim. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

Additionally, allegations of ineffectiveness of counsel must be firmly rooted in the record. *Thompson*, 9 S.W.3d at 814; *Bone v. State*, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002). When the record is silent, we may not speculate to find trial counsel ineffective. *See Ex parte Varelas*, 45 S.W.3d 627, 632 (Tex. Crim. App. 2001). In the absence of evidence of counsel's reasons for the challenged conduct, an appellate court commonly will assume a strategic motivation if any can possibly be imagined and will not conclude that the challenged conduct constitutes deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Id*.

## B. Failure to object that sentence was cruel and unusual punishment

Prescott alleges that his counsel rendered ineffective assistance by failing to object that his sentence constitutes cruel and unusual punishment. To prevail on this claim, Prescott must show that had his trial counsel objected, the trial court would have erred in overruling the objection. *Vaughn v. State*, 931 S.W.2d 564,

8

566 (Tex. Crim. App. 1996); *Jacoby v. State*, 227 S.W.3d 128, 131 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to their crimes. *Solem v. Helm*, 463 U.S. 277, 288, 103 S. Ct. 3001, 3008 (1983); *see also Noland*, 264 S.W.3d at 151. Generally, punishments that fall within the statutory limits do not qualify as cruel and unusual. *Young*, 425 S.W.3d at 474; *Gavin v. State*, 404 S.W.3d 597, 606 (Tex. App.—Houston [1st Dist.] 2010, no pet.). However, the Supreme Court has held that a sentence that is within the statutorily prescribed range may be found to have violated the Eighth Amendment. *Solem*, 463 U.S. at 291, 103 S. Ct. at 3009 (stating that "no penalty is per se constitutional"). The Court announced three objective factors to guide reviewing courts when evaluating proportionality: (1) the gravity of the offense and the harshness of the penalty; (2) the sentence imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 290, 103 S. Ct. at 3011.

We first compare the gravity of the offense to the harshness of the penalty. *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). We judge the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Id*. In comparing the gravity of the offense to the harshness of the penalty, we give deference to the trial

courts to select an appropriate sentence within the applicable range. *Solem*, 463 U.S. at 290, 103 S. Ct. at 3009. Only if the gravity of the offense is grossly disproportionate to the sentence do we consider the sentences imposed on other criminals or in other jurisdictions. *Culton*, 95 S.W.3d at 403; *see Diaz-Galvan v. State*, 942 S.W.2d 185, 186 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (noting that disproportionality must be extreme to meet standard).

Here, Prescott pleaded guilty to indecency with a child, which is a second-degree felony and has a punishment range of two to 20 years. TEX. PENAL CODE ANN. § 21.11 (indecency with child); § 12.33 (second-degree felony punishment). The trial court sentenced Prescott to six years' confinement—an amount that is in the lower half of the applicable statutory range. A six-year sentence is not extreme for the offense of indecency with a child that resulted in a physical injury to a six-year-old child's genital area and lingering emotional effects for the child and the family who trusted Prescott in their home. *See Simpson v. State*, 2000 WL 1472720, at *2 (Tex. App.—Houston [14th Dist.] Oct. 5, 2000, pet. ref'd) (mem. op., not designated for publication) (holding that seven-year sentence for indecency with a child was not cruel and unusual punishment); *cf. Dorsten v. State*, Nos. 01-09-00500-CR, 01-09-00501-CR, 01-09-00527-CR, 01-09-00528-CR, 01-09-00529-CR, 2011 WL 2623937, at *2 (Tex. App.—Houston [1st Dist.] June 30, 2011, pet. ref'd) (mem. op., not designated for publication) (holding that trial court

10

did not abuse its discretion by sentencing defendant to 10 years' confinement for each count of indecency with a child).

Further, Prescott presented no evidence on the remaining two *Solem* factors. There is nothing in the record relevant to the sentences imposed on others convicted in this jurisdiction or for similar crimes in other jurisdictions. *See Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. Accordingly, none of the three *Solem* factors support the conclusion that Prescott's sentence was cruel or unusual.

Because the trial court would not have erred by overruling an objection to Prescott's six-year sentence as cruel and unusual punishment, counsel did not render ineffective assistance by failing to assert the objection. *See Jacoby*, 227 S.W.3d at 131 (describing Eighth Amendment objection to sentence as "futile" when punishment was not grossly disproportionate to severity of offense).

## C. Failure to ask Prescott questions related to his probation eligibility

Prescott alleges that his counsel "did not specifically ask whether [he] had ever been convicted of a felony in this or any other state, or been granted felony probation in this or any other state." According to Prescott, it was necessary for his counsel to ask him these questions on the record to establish that he was eligible for probation and for the trial court to consider probation as an available punishment option. To meet the second prong of *Strickland* to prevail on an ineffective-assistance claim based on this omission, Prescott must establish that his

11

punishment would have been different if his attorney had established his eligibility for probation by asking these two questions. *See Strickland*, 466 U.S. at 694; *Ex parte Cash*, 178 S.W.3d 816, 818 (Tex. Crim. App. 2005). Prescott has not met this burden.

The trial court expressly stated at the conclusion of the sentencing hearing that he was considering granting Prescott probation but that he was "struggling" with whether he felt it was appropriate given Amy's young age at the time of the offense. That statement demonstrates the trial court understood that Prescott met the requirements to be eligible for probation but ultimately determined that probation would not be granted.

Given that the trial court actually considered granting probation, Prescott cannot demonstrate that he would have received a different sentence had his counsel asked him these two questions to confirm eligibility. Accordingly, Prescott cannot meet the second prong of *Strickland* to establish ineffective assistance of counsel.

**D.     Failure to object to Braddock's testimony on probation versus prison**

In his final ineffective-assistance argument, Prescott contends that his counsel should have objected when Braddock testified that Prescott should go to prison instead of receiving probation.

In assessing Prescott's claims, we apply a strong presumption that trial counsel was competent. *Thompson*, 9 S.W.3d at 813. We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Counsel must be free to choose not to assert an objection even if there is a legal basis for doing so. *See Thomas v. State,* 886 S.W.2d 388, 392 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Trial strategy may dictate that available objections remain unasserted.

The Court of Criminal Appeals has noted the rarity with which ineffective assistance is found when the record is silent as to counsel's trial strategy. *See Thompson*, 9 S.W.3d at 814; *Robinson v. State*, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). On a silent record, this court can only find ineffective assistance of counsel if the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Prescott did not file a motion for new trial in this case; therefore, his counsel never testified about his trial strategy. There is no explanation why he failed to object to Braddock's testimony. In the absence of testimony on the matter, it is

difficult to meaningfully address Prescott's claim. *See Davis v. State*, 930 S.W.2d 765, 769 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

Even if Braddock's testimony were inadmissible, trial counsel's failure to object may have been part of a reasonable trial strategy. *See Thomas,* 886 S.W.2d at 392; *see also Hill v. State*, No. 03-09-00213-CR, 2010 WL 2540603, at \*4–5 (Tex. App.—Austin June 25, 2010, no pet.) (mem. op, not designated for publication) (holding that counsel did not render ineffective assistance when he failed to object to witness testimony asking for maximum sentence). Counsel possibly reasoned that asserting an objection to over-reaching testimony was less critical in the context of a sentence being assessed by a trial court instead of a jury. Counsel may have concluded that the benefits of pointing out to a trial court that a family member's sentencing recommendation is irrelevant was outweighed by the possibility that interrupting the mother's testimony would have been viewed negatively.

Without any evidence in the record explaining counsel's rationale, we assume a strategic motivation and conclude that counsel did not render ineffective assistance given that the failure to object was not so outrageous that no competent attorney would have done so. *See Goodspeed*, 187 S.W.3d at 392–93.

In sum, we conclude that Prescott has failed to establish that his counsel rendered ineffective assistance on any of the bases he asserts. We therefore overrule his first issue.

## Pre-sentence Investigation Report in Appellate Record

In his third and final issue, Prescott contends that a reversal of his conviction is required and that we must remand for a new trial because the Presentence Investigation Report, which was an exhibit to the reporter's record, was ordered to be included in the appellate record but has not been filed.

The district clerk filed the exhibit in this Court on April 3, 2014. The exhibit was neither lost nor destroyed; therefore, the provision in Rule 34.6 mandating a new trial does not apply. TEX. R. APP. P. 34.6.

We overrule Prescott's third issue.

## Conclusion

Having overruled all three of Prescott's issues, we affirm the trial court's judgment.


Harvey Brown
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

15