Billy Don CRAIG, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–88–00156–CR.

Court of Appeals of Texas,
El Paso.

Feb. 10, 1993.

Ruth Marks, Rome, GA, for appellant.

John W. Smith, Dist. Atty., Odessa, for the State.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION ON REMAND

KOEHLER, Justice.

This is an appeal from a conviction for murder. The jury assessed punishment at imprisonment for life and a fine of $10,000. We reverse and remand.

 On original submission, this Court affirmed the cause in *Craig v. State,* 783 S.W.2d 620 (Tex.App.—El Paso 1989). In *Craig v. State,* 825 S.W.2d 128 (Tex.Crim. App.1992), the Court of Criminal Appeals reversed and remanded the cause for a determination of effectiveness of counsel at the punishment stage of a noncapital trial in light of the standard stated in *Ex parte Duffy,* 607 S.W.2d 507, 514 n. 14 (Tex.Crim.App.1980); *Ex parte Walker,* 794 S.W.2d 36, 37 (Tex.Crim.App.1990); that is, first, whether counsel was reasonably likely to render effective assistance, and second, whether counsel reasonably rendered effective assistance. This "reasonably effective assistance" standard does not mean errorless counsel nor does it mean counsel judged ineffective by hindsight. *Ex parte Felton,* 815 S.W.2d 733, 735 (Tex.Crim.App.1991). The appellate review of trial counsel's representation at the punishment stage of trial involves an examination of the totality of the representation which necessarily includes the pretrial representation of the accused, the guilt-innocence stage of the trial and the punishment stage of trial. *Ex parte Walker,* 777 S.W.2d 427, 431 (Tex.Crim.App.1989).

 In our original opinion, we found that the following complaints presented deficient performance by trial counsel: [1]

 7. Failure to object to State argument at the guilt stage that now the jurors should understand why police and prosecutors ask for certain verdicts in drug cases in order to avoid resulting tragedies like that in the present case;

 10. After Jane Williams' direct examination denial of overhearing Appellant's discussion of the killing following news broadcasts observed in Marathon, counsel elicited on cross-examination that Appellant sought payment for the cocaine and only drew his weapon on Branscum because the latter was not taking him seriously;

 11. At final argument on guilt, counsel responded to the State's depiction of Appellant hunting Branscum by stating that the evidence did not show that Appellant 'or one of his bandito friends' was over there looking for Branscum, there being no evidence of Appellant's association with anyone depicted as a 'bandito';

 12. At final argument on punishment, counsel told the jury that their verdict would have no deterrent effect upon or change the life styles of any of the primary participants, including Appellant;

 13. Continuing the cross-examination of Jane Williams by asking if, after the news broadcasts, Appellant was 'bragging about having killed Kelly,' thereby accepting a State-oriented interpretation of the circumstantial evidence and implications of Williams' testimony;

 14. At final argument on punishment, counsel stated that in 'almost all of the other murder cases [they had tried, they had] evidence for two or three days' and were ultimately accused by the State of using smoke screens, that they had tried to put the victim on trial, that counsel did not engage in that kind of defense, if the evidence is there he brings it out and (implicitly) if it is not he does not, thereby suggesting to the jury that there was no favor-

---

1. A statement of the facts in this cause is found in *Craig v. State,* 783 S.W.2d 620 (Tex.App.—El Paso 1989). The numbering of these instances of deficient performance are carried over from that opinion.

able evidence for Appellant since the defense put on no witnesses;

15. After the State, in final argument at guilt, accurately quoted Jane Williams' testimony that Appellant exited Branscum's truck and said, 'He is dead,' counsel in final argument misquotes Williams as stating that Appellant said 'I killed him or I shot him, I [trial counsel] don't really remember which . . .';

16. Counsel, at final guilt argument, summarizes the evidence in a State-oriented fashion as to the flight to Marathon, the burning of clothing and melting of the gun.

In our opinion, we stated that:

None of these incidents can be attributable to colorable tactical decision. Nor are they independent, isolated instances of professional lapse. Nor are they deficient from a purely retrospective vantage point. *Strickland [v. Washington],* 466 U.S. [668] at 689, 104 S.Ct. [2052] at 2065, 80 L.Ed.2d [674] at 694–695 [ (1984) ].

*Craig,* 783 S.W.2d at 626.

Given these instances of deficient performance of counsel throughout the trial, we are constrained to find that the Appellant did not receive reasonably effective assistance of counsel at the punishment stage of trial. Point of Error No. Six is sustained. Accordingly, we reverse the judgment and remand the cause to the trial court for a new trial on punishment, pursuant to Tex. Code Crim.Pro.Ann. art. 44.29(b) (Vernon Supp.1993). *See Ex parte Klasing,* 738 S.W.2d 648, 650–51 (Tex.Crim.App.1987), *aff'd after remand,* 812 S.W.2d 322 (Tex. Crim.App.1991).

The judgment of the trial court is reversed and remanded for new trial as to punishment only.