ACCEPTED
01-15-00484-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/8/2015 3:30:00 PM
CHRISTOPHER PRINE
CLERK

Court of Appeals Cause Numbers 01-15-00484-CR, 01-15-00485-CR
Trial Court Cause Numbers 1432555, 1432805

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/8/2015 3:30:00 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE
# FIRST DISTRICT OF TEXAS AT HOUSTON

Christian Avery Norris

Defendant, Appellant

vs.

State of Texas

Petitioner, Appellee

## ON APPEAL FROM THE DISTRICT COURT
## HARRIS COUNTY, TEXAS
## 230TH JUDICIAL DISTRICT

## BRIEF OF APPELLANT

Syngman Stevens Jr
200 HWY 90-A Ste B
Richmond, Texas 77469
SBOT: 24043219
281-630-9421
281-344-0105

## ORAL ARGUMENT WAIVED

## DESIGNATION OF PARTIES

APPELLANT…………………………….CHRISTIAN AVERY NORRIS

APPELLEE…………………………….....THE STATE OF TEXAS

APPELLANT'S TRIAL ATTORNEY…..........TERRANCE GAISER

STATE'S TRIAL ATTORNEY……..………ALAN OTTO

STATE'S ATTORNEY ON APPEAL……….ALAN CURRY

DISTRICT ATTORNEY…………………..……DEVON ANDERSON

APPELLANT'S ATTORNEY ON APPEAL…SYNGMAN STEVENS JR
200 HWY 90-A STE B
RICHMOND, TEXAS 77469

# TABLE OF CONTENTS

DESIGNATION OF PARTIES............................................i

TABLE OF CONTENTS................................................ii

TABLE OF AUTHORITIES............................................iii

STATEMENT OF JURISDICTION....................................vi

STATEMENT OF ISSUES PRESENTED FOR REVIEW............vi

STATEMENT OF CASE................................................1

SUMMARY OF ARGUMENT..........................................4

ARGUMENT...........................................................4

PRAYER FOR RELIEF...............................................14

CERTIFICATE OF SERVICE........................................15

# TABLE OF AUTHORITIES

**Constitutional Provisions**

U.S. Const. amend. VI

Tex. Const. art. 1 § 6

Tex. Const. art. 1 § 14

**Statutes**

TX. CRIM. PRO. Art 42.12

**Cases**

Boyd v. State, 811 S.W.2d 105 (Tex. Cri. App. 1991)

Craig v. State, 847 S.W.2d 434 (Tex. App.—El Paso 1993, no pet.)

Ex Parte Felton, 815 s.W.2d 733 (Tex. Crim. App. 1991)

Ex Parte Gallegos. 511 S.W.2d 510 (Tex.Cr.App. 1974).

Ex Parte Duffy, 607 S.W.2d 507 (Tex.Cr. App.. 1980)

Duffy, 607 S.W.2d at 513-516, 527

Glover v. United States, 531 US 198

Gonzalez v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000)

Hernandez, v. State 988 S.W.2d 770 (1999)

Milburn v. State 16 S.W.3d 267 (2000)

Moore v. State 983 S.W.2D 15, 2 (TEX. APP. 1998)

Pickens v. Lockhart, 714 F.2d 1455, 1467 (8th Cir. 1983)

Recer v. State 815 s.W.2d 730 (1991)

Robinson v. State 16 S.W.3d 808 (Tex. Crim. App-2000)

Shanklin v. State 190 S.W.3d 154 (Tex.App.-Hoston [1st Dist.] 2005)

Spriggs v. Collins, 993 F.2d 85 (5th Cir. 1993)

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)

Thomas v. State, 550 S.W.2d 64, 68 (Tex.Cr.App.1977)

Ware v. State, 875 S.W.2d 432 (Tex.App.-Waco 1194, pet. Ref'd).

Williams v. Taylor, 529 US 362 - Supreme Court 2000

Vela v. Estelle, 708 F.2d at 954

## STATEMENT OF JURISDICTION

This court has jurisdiction of this appeal pursuant to Tex. Const. art. V §6 as an appeal from the decision of the 230th District Court, Harris County, Texas.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.     Whether defendant was afforded reasonably effective assistance of counsel as proscribed by the sixth amendment of the United States Constitution?

## STATEMENT OF THE CASE

a. Course of Proceeding

On December 1, 2014 in cause numbers 1432555 and 1432805 the defendant waived trial by jury and plead guilty without an agreed recommendation to the trial court. On April 29, 2015 during the defendant's punishment hearing, defense counsel asks the trial court judge for a significant amount of jail time, although defendant is eligible for deferred probation. The Defendant was sentenced to four years in the Institutional Division of the Texas Department of Criminal Justice.

On May 6, 2015, Defendant filed a Notice of Appeal of the convictions and sentence rendered against him in trial court cause numbers 1432555 and 1432805 respectively.

b. Statement of Facts

On June 20, 2014 Defendant, Christian Avery Norris was indicted in cause number 1432555 for the felony charge of Assault Family Violence 2nd Offender. The indictment presented that before the commission alleged in cause number 1432555, the Defendant, on July 26, 2015, in the County Criminal Court at Law no. 12, of Hays County, Texas in Cause No. 13-

1

0347CR, was convicted of Assault, which was committed against a member of the defendant s family. On June 23, 2014, Defendant was appointed counsel and the trial court judge issued a no contact order, prohibiting Christian Norris from communicating directly or indirectly with the victim. On August 8, 2014 the defendant, Christian Avery Norris was indicted in cause number 1432805 for the felony charge of Violation of Protective Order. On November 7, 2014 at the comprehensive pretrial conference the parties agreed on a trial date of December 1, 2014. At the comprehensive pretrial conference the final plea bargain recommendation was four years in the Texas Department of Corrections institutional division or plea to the judge without an agreed recommendation. R.R. 14 In both cause numbers 1432555 and 1432805 the defendants range of punishment was any term not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a fine not to exceed $10,000. On November 11th the Assistant District Attorney filed a Notice of Intention To Use Evidence of Prior Convictions and Extraneous Offenses. The known prior convictions listed inside of the states motion included two misdemeanor convictions. One conviction for theft in cause number 1834802 in County Criminal Court At Law 5 Harris county Texas and one

2

conviction for Assault Family Member in cause number 12-0347CR in County Criminal Court At Law 12 Hays County Texas. On December 1, 2014 the defendant filed a sworn Motion for Community Supervision that defendant has never been convicted of a felony in this or any other state, and never been placed on community supervision for a felony offense in Texas or any other State. The Motion for Community Supervision also requested the presiding judge place the defendant on community supervision. On December 1, 2014 in cause numbers 1432555 and 1432805, the defendant, waived trial by jury and plead guilty without an agreed recommendation to the trial court. The cause numbers were continued to April 29, 2015, and after a hearing, the Defendant was sentenced to four years in the Institutional Division of the Texas Department of Criminal Justice. On May 6, 2015, Defendant filed a Notice of Appeal of the convictions and sentence rendered against him in these causes.

# SUMMARY OF ARGUMENT

Defendant's convictions for Assault Family Member and Violation of a Protective Order violate the Defendants right to effective assistance of counsel. The Court should find that defense counsel's performance and resulting prejudice to the defendant was so egregious as to bring the outcome of the proceeding into question. The Court should find that but for defense counsel's unprofessional errors, the result of the proceeding would have been different. Thus, the Court should reverse this case and remand this case to the trial court for a new punishment hearing.

# ARGUMENT

I.    AS A RESULT OF TRIAL COUNSEL'S PERFORMANCE, DEFENDANT'S SENTENCES FOR ASSAULT FAMILY MEMBER AND VIOLATION OF PROTECTIVE ORDER ARE A VIOLATION OF A THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO COUNSEL.

A. Standard of review

Although appellant did not raise his ineffective assistance of counsel claim at trial, such claim may be raised for the first time on appeal when there is a constitutional violation. The defendant need not object in the trial

4

to counsel's ineffective representation to preserve the issue for appellate review. Robinson v. State 16 S.W.3d 808 (Tex. Crim. App-2000) Thus is clearly apparent from the face of the record and no legitimate state interest is served by the enforcement of usual rules of procedural default. Gonzalez v. State, 8 S.W.3d. 640, 643 (Tex. Crim.App 2000).

B. Defendant's sentences were a violation of his Sixth Amendment Right to Effective Assistance of Counsel

The Sixth Amendment Right to counsel includes a right to counsel at sentencing. The right to effective assistance of counsel is an undisputed feature of the Sixth Amendment right to counsel.

A defendant who wishes to prove that he received ineffective assistance of counsel must satisfy two requirements: first, the defendant must demonstrate that counsels performance was unreasonable under prevailing professional norms and he must also demonstrate that counsels deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)

Assuming Strickland left open the question of whether a defendant is required to show prejudice from deficient attorney performance at noncapital sentencing proceedings, we perceive no valid reason why Strickland cannot

5

apply, or why a different rule should apply, to noncapital sentencing proceedings. Hernandez V. State 988 S.W. 2d 770 (1999) The Strickland Standard applies in capital and non-capital cases. Boyd v. State, 811 S.W.2d 105 (Tex. Crim. App. 1991)

To determine whether counsels assistance was reasonably effective during the punishment phase of the trial the representation must be viewed in its totality. Ex Parte Duffy, 607 S.W.2d 507 (Tex.Cr.App.. 1980)) Each case must be reviewed based upon its individual facts and circumstances. Ex Parte Gallegos. 511 S.W.2d 510 (Tex.Cr.App. 1974).

The defendant who is able to demonstrate that counsel's performance was deficient will not prevail on an ineffective assistance claim unless he can also demonstrate prejudice. The court in Strickland stated the defendant must also show that there is a reasonable probability that, but for counsels unprofessional errors, the result of the proceeding would have been different. According to the court, a reasonable probability is a probability sufficient to undermine confidence in the outcome.

A judge, in the best interest of justice, the public, and the defendant, after conviction or a plea of guilty or nolo contendere, may suspend the imposition of the sentence and place the defendant on community

6

supervision or impose a fine applicable to the offense and place the defendant on community supervision, this is often referred to as straight probation. CCP Art. 42.12 § 3.

CCPP Art. 42.12 § 5(a) allows a judge following a plea of guilty or nolo contendere to find that the evidence substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilty and place the defendant on community supervision. The purpose of the statute is to allow the trial court the flexibility to defer adjudication for deserving defendants when in its opinion the best interest of society and the defend will be served. REED v. State, 644 S.W.2d 479 (Tex. Crim. App. 1983)

If we look to the proof offered at punishment to determine whether Counsel failed to prove a defendant's eligibility, the answer is in the affirmative. Failure to offer evidence to prove eligibility for probation is ineffective assistance of counsel San Roman v. State, 681 S.W.2d 872 (Tex. App.—El Paso 1984, pet. ref'd)

Defense counsel asks the defendant, "[w]hat would you like the Judge to do?" R.R. 39 To wit the Defendant responds, "I would just ask the Judge to be lenient with me." R.R. 40 Defense Counsel passes the witness at this point and asks defendant no further questions during the hearing

regarding probation. Defense counsel failed to elicit testimony for the court that the Defendant was not a convicted felon and had never been on a straight or deferred probation. There was no question asked of the defendant's knowledge of probation conditions or if he would be able to abide by the courts restrictions if placed on probation. Neither does the record reflect defendant's desire for community supervision, or how a felony conviction would affect his future chances at employment and education.

Testimony that a defendant has never "been convicted of any felonies in this or any other state" is sufficient to prove his eligibility for probation because it encompasses the fact that he has never been finally convicted of a felony and that he has never been placed on felony probation. Mansfield v. State, 306 S.W.3d 773 (Tex. Crim. App. 2010) An attorney is ineffective where he fails to prove a defendant's eligibility for probation where the facts show that the fact finder would have considered it. Ware v. State, 875 S.W.2d 432 (Tex.App.-Waco 1194, pet. Ref'd) Here in the instant case, there is a failure to establish probation eligibility.

There is a constitutional right to counsel at sentencing. Glover v. United States, 531 US 198,203 (2001) The prosecutor and defense counsel function as advocates during the sentencing proceeding so that the

8

sentencing authority will engage in a balanced and thorough effort to determine the right sentence within the range of prescribed penalties. The sentencing process consists of weighing mitigating and aggravating factors, and making adjustments in the severity of the sentence consistent with this calculus. Vela v. Estelle, 708 F.2d at 954

In this case, appellant's trial counsel presented no mitigating factors for the judge to balance against the aggravating factors presented by the State. Appellant's trial counsel offered no evidence of mitigating factors, despite the availability of such mitigation evidence filed with the clerk. We can read from the record that in attendance at the punishment hearing was appellants mother, and appellants counsel never called any witness or asked any question of appellant that would rebut the states argument of jail time. Any evidence would have provided some counterweight to evidence of bad character, which was in fact received by the judge during the punishment hearing. The judge had no character evidence to consider that may have humanized the defendant and offset the State's recommendation of four years in prison.

The court should find that counsel's lack of mitigation would have in fact favorably influenced the judge in assessment of punishment. Counsel's

9

lack of focus at the punishment phase deprived appellant of the possibility of bringing out even a single mitigating factor. Mitigating evidence would have been admissible. The judge could have considered it and might have been influenced by it.

It is also a well settled that an attorney has a professional duty to present all available evidence and arguments to support the defense of his client. Thomas v. State, 550 S.W.2d 64, 68 (Tex.Cr.App.1977) Ineffective assistance of counsel has been found when defense counsel summarizes the evidence in a manner favorable to the State. Craig v. State, 847 S.W.2d 434 (Tex. App.—El Paso 1993, no pet.) A defense lawyer's obligations in connection with sentencing, is to do what is legally and ethically permissible to achieve for the client the most lenient sentence possible. The advantage of making an argument for deferred probation in making a plea for leniency for a defendant with no prior felony convictions should not be difficult to recognize as a valid plea to the court where the State has asked the court for four years incarceration and that four years incarceration has already been rejected while serving months in custody. The record here reflects that defense counsels suggests the opposite of leniency towards his client. In the is case where the punishment range is a between two and ten years

10

incarceration, a defense counsels objective should be to secure a deferred probation at sentencing taking into consideration the time already spent incarcerated by his client. In this case the client was deferred and straight probation eligible with more than 90 days served in Harris County Jail yet appellant's counsel furthers the States interests, arguing to the court, inter alia:

> I'm going to suggest to the Court that some time in jail is necessary for Mr. Norris in order to – for the Court to impress on him the fact that when this Court tells you something, it means it. And I'm not talking about a short term of county jail. R.R. 48

> If defense counsel is not talking about a short term of county jail,

reason brings the inference of a long term in jail. The court in Strickland stated the defendant must also show that there is a reasonable probability that, but for counsels unprofessional errors, the result of the proceeding would have been different. The possibility of a different result could have been bolstered by counsel focusing on probation eligibility and advocating for deferred probation rather than jail time. Directly after defense counsels plea to the court for jail time, the court addresses the Defendant, inter alia:

> Now, you know that you're facing me in this court with two felony offenses. And regardless of who starts it, you know you're not supposed to have contact with this person. And I wouldn't have found out about it, but for this hearing right now. Does that mean I can trust you to be on probation, to follow my orders to make sure not another

11

person – while you're on my probation with my name that allows you walk free – will be hurt, injured, scared, afraid or whatever?

And the answer to the question is can I trust you to be on probation, to follow my orders. Just based on this history alone and you're not following my order, mine, to not have any contact with that person, the answer is no.

So, I'm going to find you guilty of both of these offenses. And I'm going to assess your punishment in each of theses cases at four years in the Texas Department of criminal Justice Institutional Division. R.R 50-51

The circumstances of the plea and the goal of defense counsel should be to achieve the best possible outcome considering the circumstances given. This record glaringly reflects that trial counsel failed to advance any form of mitigation during this punishment hearing, or in any other way make use of mitigation evidence available to him or call any witness available to him. As is so often the case in those situations where any defense, or for that matter any viable defense, has not been raised, the circumstances may reflect that the attorney may not have been familiar with the case or, if he is, has not adequately investigated the facts of the matter. Here, there is also a lack of advocacy and advancing the defendant's best interests. Viewed as a whole and cumulative of mitigation evidence presented originally, raised a reasonable probability that the result of the sentencing proceeding would have been different if competent counsel had presented and explained the

12

significance of all the available evidence and made the proper argument to the court advocating for a probated sentence. Trial counsel never inquired into the defendant's probation eligibility or desire to be placed on deferred probation. The record is void of any testimony elicited for the defendant or any available witness present in the courtroom through counsel any mitigating factors that may have weighted against the overwhelming amount of aggravating factors introduced to the Court through the victims testimony. The record is clear that defense counsel asks the court for a prison sentence, as does the State.

# PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Honorable Court rule in favor of Appellant and reverse and remand this case to the trial court to determine which case should be vacated as a result of ineffective assistance of counsel. Appellant prays that his Court reverse the convictions and render a judgment of acquittal and remand this case for a new punishment hearing and approve the appeal. Appellant prays for general relief, and any relief that may be granted by law or in equity.

Respectfully Submitted,

Syngman Stevens Jr
Attorney for Appellant

14

# CERTIFICATE OF SERVICE

I, Syngman Stevens, Jr, do hereby certify that a true and correct copy of the foregoing Appellant's Brief was delivered to opposing counsel at the time of the filing on the 8th day of September 2015, by e-file transmission pursuant to local practice. Further, I certify that a copy of the foregoing Appellant's Brief was, this day mailed to Appellant.

Respectfully Submitted,

Syngman Stevens Jr
Attorney for Appellant

15

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this Appellate Brief contains less than 4,500 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

Respectfully Submitted,

Syngman Stevens Jr
Attorney for Appellant