ACCEPTED
01-15-00484-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/13/2015 10:14:46 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00484-CR
No. 01-15-00485-CR

In the
**Court of Appeals**
For the
**First District of Texas**
At Houston

———◆———

No. 1432555, 1432805
In the 230th District Court
Of Harris County, Texas

———◆———

**CHRISTIAN AVERY NORRIS**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

———◆———

STATE'S APPELLATE BRIEF

———◆———

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/13/2015 10:14:46 AM

CHRISTOPHER A. PRINE
Clerk

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**KATIE DAVIS**
Assistant District Attorney
Harris County, Texas
State Bar Number: 24070242
davis_katie@dao.hctx.net

**ALAN OTTO**
Assistant District Attorney
Harris County, Texas

1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone: (713) 755-5826
Fax Number: (713) 755-5809

ORAL ARGUMENT WAIVED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State waives oral argument since the issues appear well-settled in Texas jurisprudence. But the State will present argument if this Court deems it necessary.

## IDENTIFICATION OF THE PARTIES

*Counsel for the State:*

**Devon Anderson**—District Attorney of Harris County

**Katie Davis**—Assistant District Attorney on appeal

**Alan Otto**— Assistant District Attorney at trial

*Appellant or Criminal Defendant:*

**Christian Avery Norris**

*Counsel for Appellant:*

**Syngman Stevens, Jr.**—Counsel on Appeal

**Terry Gaiser**—Counsel at trial

*Trial Judge:*

**Honorable Brad Hart**—Presiding Judge of 230th District Court

# TABLE OF CONTENTS

Page

STATEMENT REGARDING ORAL ARGUMENT ..............................................................i

IDENTIFICATION OF THE PARTIES ..........................................................................i

TABLE OF CONTENTS..................................................................................................ii

INDEX OF AUTHORITIES .........................................................................................iii

STATEMENT OF THE CASE ......................................................................................1

STATEMENT OF FACTS .............................................................................................1

SUMMARY OF THE ARGUMENT...............................................................................3

REPLY TO APPELLANT'S SOLE POINT OF ERROR..................................................3

   I.   The appellant has failed to show that his trial counsel rendered a deficient performance that harmed him. ..................................................................3

      A. *The totality of the representation afforded the appellant was above the prevailing professional norms.* ....................................................................5

      B. *The appellant failed to show that trial counsel was deficient in regards to his presentation of evidence at sentencing.* ...................................................6

      C. *The appellant failed to meet the prejudice prong of Strickland because he failed to show that the result of the trial would have been different had trial counsel not made these alleged errors.*..........................................................13

CONCLUSION ...........................................................................................................16

CERTIFICATE OF SERVICE AND COMPLIANCE.......................................................17

# INDEX OF AUTHORITIES

## CASES

*Batiste v. State,*
888 S.W.2d 9 (Tex. Crim. App. 1994) ...................................................................... 14

*Beyince v. State,*
954 S.W.2d 878 (Tex. App.—
Houston [14th Dist.] 1997, no pet.) ........................................................................ 8

*Bone v. State,*
77 S.W.3d 828 (Tex. Crim. App. 2002) ............................................................. 13, 14

*Burdine v. Johnson,*
262 F.3d 336 (5th Cir. 2001) .................................................................................. 14

*Cantu v. State,*
993 S.W.2d 712 (Tex. App.—
San Antonio 1999, pet. ref'd) ................................................................................ 10

*Chamberlain v. State,*
998 S.W.2d 230 (Tex. Crim. App. 1999) ................................................................ 12

*Craig v. State,*
847 S.W.2d 434 (Tex. App.—
El Paso 1993, no pet.) ............................................................................................ 11

*Ex parte Rogers,*
369 S.W.3d 858 (Tex. Crim. App. 2012) ................................................................ 15

*Flemming v. State,*
949 S.W.2d 876 (Tex. App.—
Houston [14th Dist.] 1997, no pet.) ....................................................................... 12

*Garcia v. State,*
57 S.W.3d 436 (Tex. Crim. App. 2001) .................................................................. 12

*Goodspeed v. State,*
187 S.W.3d 390 (Tex. Crim. App. 2005) ................................................................ 12

*Jagaroo v. State,*
180 S.W.3d 793 (Tex. App.—
Houston [14th Dist.] 2005, pet. ref'd) ..................................................................... 9

*Jordan v. State*,
859 S.W.2d 418 (Tex. App.—
Houston [1st Dist.] 1993, no pet.) ....................................................11

*King v. State*,
649 S.W.2d 42 (Tex. Crim. App. 1983 .............................................. 10

*Kizzee v. State*,
788 S.W.2d 413 (Tex. App.—
Houston [1st Dist.] 1990, pet. ref'd) ................................................ 10

*Lair v. State*,
265 S.W.3d 580 (Tex. App.—
Houston [1st Dist.] 2008, pet. ref'd) ................................................ 10

*Lopez v. State*,
343 S.W.3d 137 (Tex. Crim. App. 2011) ............................................4

*Mallet v. State*,
65 S.W.3d 59 (Tex. Crim. App. 2001) ................................................6

*Miniel v. State*,
831 S.W.2d 310 (Tex. Crim. App. 1992) ............................................4

*Mitchell v. State*,
68 S.W.3d 640 (Tex. Crim. App. 2002) ..............................................4

*Perez v. State*,
403 S.W.3d 246 (Tex. App.—
Houston [14th Dist.] 2008),
*aff'd*, 310 S.W.3d 890 (Tex. Crim. App. 2010) ............................... 10

*Robertson v. State*,
187 S.W.3d 475 (Tex. Crim. App. 2006) ..........................................13

*Rodriguez v. State*,
336 S.W.3d 294 (Tex. App.—
San Antonio 2010, pet. ref'd)........................................................... 12

*Rodriguez v. State*,
899 S.W.2d 658 (Tex. Crim. App. 1995) ............................................4

*San Roman v. State*,
681 S.W.2d 872 (Tex. App.—
El Paso 1984), *writ refused* (July 10, 1985) .......................................8

*Strickland v. Washington,*
  466 U.S. 668 (1984) ...................................................................3, 4, 5, 13, 15

*Thompson v. State,*
  9 S.W.3d 808 (Tex. Crim. App. 1999).........................................................6, 16

*Thompson v. State,*
  915 S.W.2d 897 (Tex. App.—
  Houston [1st Dist.] 1996, pet. ref'd) ................................................................11

*Valencia v. State,*
  891 S.W.2d 652 (Tex. App.—
  Houston [1st Dist.] 1993),
  *rev'd on other grounds,* 946 S.W.2d 81 (Tex. Crim. App. 1997) ...................14

*Vargas v. State,*
  13-99-290-CR, 2000 WL 34410037 (Tex. App.—
  Corpus Christi Aug. 31, 2000, no pet.) ...........................................................15

*Ware v. State,*
  875 S.W.2d 432 (Tex. App.—
  Waco 1994, pet. ref'd)........................................................................................8

*Wilkerson v. State,*
  726 S.W.2d 542 (Tex. Crim. App. 1986),
  cert. denied, 480 U.S. 940 (1987) .....................................................................4

*Woodford v. Visciotti,*
  537 U.S. 19 (2002)............................................................................................13

*Young v. State,*
  425 S.W.3d 469 (Tex. App.—
  Houston [1st Dist.] 2012, pet. ref'd) .............................................................7, 8


**STATUTES**


TEX. CRIM. PROC. CODE ANN.
  art. 42.12 § 3 (West supp. 2014)........................................................................7

TEX. CRIM. PROC. CODE ANN.
  art. 42.12 § 3(e) (West supp. 2014) ...................................................................7

TEX. CRIM. PROC. CODE ANN.
  art. 42.12 § 3g (West supp. 2014).......................................................................7

TEX. CRIM. PROC. CODE ANN.
  art. 42.12 § 4(e) (West supp. 2014)................................................................7

TEX. CRIM. PROC. CODE ANN.
  art. 42.12 § 5 (West supp. 2014)...................................................................7

TEX. CRIM. PROC. CODE ANN.
  art. 42.12 § 5(d) (West supp. 2014).............................................................8

## RULES

TEX. R. APP. P. 9.4(g) .......................................................................................i
TEX. R. APP. P. 38.1(i) ....................................................................................12
TEX. R. APP. P. 39.1.........................................................................................i

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

The State charged the appellant with assault of a family member, second offender and violation of a protective order (1 CR 18, 28; 2 CR 10; 2 RR 6).[1] The appellant pled guilty as charged in the indictment without a plea bargain (1 CR 46-58; 2 CR 38-51). After a pre-sentence investigation (PSI) and punishment hearing on April 29, 2015, the trial court found the appellant guilty and sentenced the appellant to 4 years confinement in the Institutional Division of the Texas Department of Criminal Justice (1 CR – 61-62; 2 CR – 54-55; 2 RR 51). The appellant filed a timely notice of appeal, and the trial court certified that he had the right to appeal (1 CR – 56, 65-66; 2 CR – 48, 58-59).

## STATEMENT OF FACTS

Joriana Prespentt and the appellant dated since high school and share a daughter. *See* (St. Ex. #2). Throughout their relationship, the appellant controlled and abused Prespentt. *See* (St. Ex. #2). In 2012, the appellant was convicted of assaulting Prespentt in Hays County, and a two-year protective order was put in

---

[1] Due to their being two clerk's record "1 CR" will refer to trial court cause number 1432555, and "2 CR" will refer to trial court cause number 1432805.

place (2 CR – 7; 2 RR 8-9, 15-16, 41).[2] *See* (St. Ex. #2). The protective order prohibited the appellant from assaulting, contacting, threatening, or harassing Prespentt (2 CR – 7).

On June 20, 2014, the appellant became upset with Prespentt for texts and photos she received from an ex-boyfriend. *See* (St. Ex. #2). The appellant pushed Prespentt and squeezed her arm, causing her pain. *See* (St. Ex. #2). The argument escalated, and the appellant threatened to take their two-year-old daughter away from Prespentt (2 RR 12). *See* (St. Ex. #2). The appellant continued to push Prespentt, causing her to fall into a toilet, fall into the stairwell, and sprain her finger (2 RR 12). *See* (St. Ex. #2, 4-7). He took Prespentt's phone and threw it, causing it to shatter (2 RR 12). *See* (St. Ex. #2, 7). He also scratched Prespentt on her chest (2 RR 11). *See* (St. Ex. #2, 4-5).

The appellant took their daughter and left the home. *See* (St. Ex. #2). Prespentt called the police, who quickly located the appellant driving with their daughter not in a car seat. *See* (St. Ex. #2). Officers observed scratches on Prespentt. *See* (St. Ex. #2). The appellant was arrested on open warrants and later charged with assaulting a family member as a second offender and violating Prespentt's protective order against him. *See* (St. Ex. #2).

---

[2] The protective ordered was signed on July 11, 2012, and was effective for two years from that date (2 CR – 7).

2

## SUMMARY OF THE ARGUMENT

The appellant argues that trial counsel was ineffective in his presentation of evidence during his sentencing hearing. But the appellant failed to show what else could have been presented and that it would have benefitted his case. Moreover, the appellant failed to show how he was prejudiced.

## REPLY TO APPELLANT'S SOLE POINT OF ERROR

In the appellant's sole point of error, he argues that he received ineffective assistance of counsel during his sentencing hearing. (App'nt Brf. 3-10). During the sentencing hearing, the State entered the PSI Report, which included notes from the offense report, a victim impact statement from Prespentt, a statement from the appellant, the appellant's criminal history, the appellant's social history, and character letters on the appellant's behalf (2 RR 6-7). *See* (St. Ex. #2). Prespentt testified about the assault and her relationship with the appellant, and she asked the court to sentence him to prison (2 RR 7-27). *See* (St. Ex. #2, p. 10). The appellant asked the court for leniency (2 RR 39). *See* (St. Ex. #2, p. 16).

I. **The appellant has failed to show that his trial counsel rendered a deficient performance that harmed him.**

A claim of ineffective assistance is governed by the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prove an ineffective assistance claim, the appellant must first show that the trial counsel's performance

3

was deficient. *Id.* at 687; *see Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). "Specifically [the appellant] must prove by a preponderance of the evidence, that the trial counsel's representation fell below the objective standard of professional norms." *Mitchell*, 68 S.W.3d at 642. The appellant must also show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. Prejudice is shown by the reasonable probability that but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Mitchell*, 68 S.W.3d at 642.

In reviewing a claim of ineffective assistance, a reviewing court presumes that trial counsel was competent, and the appellant has the burden to rebut this presumption by proving that his attorney's representation was not sound strategy. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992) (citing *Strickland*, 466 U.S. at 689). An appellate court looks to the totality of the representation, rather than isolated acts or omissions of trial counsel. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986), *cert. denied*, 480 U.S. 940 (1987); *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995). And an appellate court does not judge trial counsel's decisions in hindsight. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Rather, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. a 686.

> A. **The totality of the representation afforded the appellant was above the prevailing professional norms.**

In the present case, Terrence "Terry" Gaiser was appointed to the appellant's cases on June 23 and 25, 2014 (1 CR – 15; 2 CR – 9). Gaiser made at least three appearances and filed a discovery motion on behalf of the appellant (1 CR 15, 19-26; 2 CR 9, 12-19).[3] Gaiser submitted several character letters to be included in the PSI report. *See* (St. Ex. #2). Gaiser filed a motion requesting community supervision, which indicated that the appellant never had been convicted of a felony and never had been placed on community supervision for a felony (1 CR 44; 2 CR 36).

During the sentencing hearing, Gaiser cross-examined Prespentt and exposed inconsistencies in her account of her relationship with the appellant (2 RR 15-23, 25-27). Specifically, Gaiser was able to show that Prepentt contacted the appellant on several occasions, despite the fact that a protective order was in place and contradicting her testimony that she could not sleep at night because of the assault (2 RR 18-20, 23, 25, 27). Through the appellant's testimony, Gaiser showed that the appellant was employed and in school, and explained his goals for

---

[3] The cases were set on the expedited track under Harris County's "Comprehensive Pretrial Conference/Trial Setting Order" (1 CR – 19, 21; 2 CR 12, 14).

the future (2 RR 28-40). Additionally, Gaiser developed testimony that further contradicted Prespentt's account of their relationship (2 RR 29-39). Furthermore, Gaiser asked the court for probation (2 RR 48). Thus, the totality of the representation afforded the appellant was above the prevailing professional norms.

**B.** ***The appellant failed to show that trial counsel was deficient in regards to his presentation of evidence at sentencing.***

The appellant contends that his trial counsel was deficient in regards to his presentation of evidence at sentencing. (App'nt Brf. 5-10). But all his complaints merely indicate that he would have done things differently and are based on speculation. The appellant brings each of his complaints for the first time on direct appeal; thus, the record cannot adequately reflect the motives behind trial counsel's actions. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (holding that in order to defeat the strong presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."); *Mallet v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (noting a record on direct appeal cannot adequately reflect the motives behind trial counsel's actions).

The appellant complains that trial counsel failed to offer proof that the appellant was probation eligible. (App'nt Brf. 5-6). But the record shows that trial counsel filed a motion requesting probation in both cases indicating that the

appellant had never been convicted of a felony and had never been placed on community supervision for a felony (1 CR – 44; 2 CR 36). Moreover, the PSI report included evidence of the appellant's prior convictions and sentences, none of which were for felonies or showed the appellant had previously been granted community supervision. *See* (St. Ex. #2, pp. 11, 16-17, and TRAS Attachment). The appellant requested probation from the court to be able to attend college in the PSI report. *See* (St. Ex. #2).

Additionally, because this was a guilty plea to the trial court, trial counsel was not required to present evidence to support the appellant's request for probation. *Young v. State*, 425 S.W.3d 469, 472, 476-77 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Section 4 of Article 42.12 requires a sworn motion and record evidence that a defendant has not been convicted of a felony before a *jury* may consider probation. TEX. CRIM. PROC. CODE ANN. art. 42.12 § 4(e) (West supp. 2014). But no such requirement is listed in Sections 3 or 5, which allow the trial court to order community supervision or defer adjudication respectively. *Compare* TEX. CRIM. PROC. CODE ANN. art. 42.12 § 4(e) (West supp. 2014), *with* TEX. CRIM. PROC. CODE ANN. art. 42.12 § 3 (West supp. 2014), *and* TEX. CRIM. PROC. CODE ANN. art. 42.12 § 5 (West supp. 2014); *see also* TEX. CRIM. PROC. CODE ANN. art. 42.12 § 3(e) (West supp. 2014) (limiting when a court may order community supervision); TEX. CRIM. PROC. CODE ANN. art. 42.12 § 3g (West supp. 2014)

7

(listing offenses and circumstances under which Section 3 does not apply); TEX. CRIM. PROC. CODE ANN. art. 42.12 § 5(d) (West supp. 2014) (limiting when a court may defer adjudication).

The appellant relies on *San Roman v. State*, 681 S.W.2d 872 (Tex. App.—El Paso 1984), *writ refused* (July 10, 1985) and *Ware v. State*, 875 S.W.2d 432 (Tex. App.—Waco 1994, pet. ref'd). (App'nt Brf. 5-6). But both cases dealt with a jury's consideration of probation. *San Roman*, 681 S.W.2d at 875; *Ware*, 875 S.W.2d at 436-37. Moreover, in *Ware*, the court specifically stated that the holding was limited to the narrow circumstances of that case. *Ware*, 875 S.W.2d at 437. Thus, both are distinguishable from the facts of the present case.

Furthermore, the appellant failed to bring forward what further evidence would have been admitted to establish that he was probation eligible in a motion for new trial. *See Beyince v. State*, 954 S.W.2d 878, 880 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (holding that without such evidence, this Court cannot determine whether the failure was "a mere mistake, part of a more egregious omission, or the result of the unavailability of [such] evidence."). Thus, he has not shown trial counsel was deficient for failing to present evidence to prove eligibility for probation. *See Young*, 425 S.W.3d at 477 (Keyes, J. concurring) (finding counsel not deficient for failure to file a specific motion seeking deferred adjudication

8

when the court was aware based on the PSI that the appellant was asking for probation).

The appellant argues that trial counsel failed to present mitigating evidence for the court's consideration. (App'nt Brf. 7). But the appellant fails to describe or provide proof of what mitigating factors existed. Mere speculation about the possibility of mitigating factors that the trial court could have considered does not overcome the strong presumption of trial strategy. *Jagaroo v. State*, 180 S.W.3d 793, 799 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Moreover, as previously stated, trial counsel thoroughly cross-examined Prespentt and presented testimony from the appellant that called several of Prespentt's accounts of their relationship into question (2 RR 15-23, 25-27).

Furthermore, as previously stated, trial counsel included character letters, a letter offering employment, and proof of enrollment in college on the appellant's behalf in the PSI report. *See* (St. Ex. #2, Attachments); *Jagaroo*, 180 S.W.3d at 799 (holding that the defendant failed to show deficiency when he did not file a motion for new trial and failed to point to anything to support his contention that other mitigating evidence should have been presented, and the record showed that counsel had procured positive letters on his behalf from employers, friends and family members that were attached to the PSI report).

The appellant argues that trial counsel failed to call witnesses on his behalf. (App'nt Brf. 7). But the appellant failed to show what witnesses would have been called and that their testimony would have benefitted his case. *Cantu v. State*, 993 S.W.2d 712, 719 (Tex. App.—San Antonio 1999, pet. ref'd) (noting "[a] defendant who complains about trial counsel's failure to call witnesses must show the witnesses were available and that he would have benefitted from their testimony.") (citing *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983), and *Kizzee v. State*, 788 S.W.2d 413, 416–17 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd); *cf. Perez v. State*, 403 S.W.3d 246, 251-52 (Tex. App.—Houston [14th Dist.] 2008), *aff'd*, 310 S.W.3d 890 (Tex. Crim. App. 2010) (finding counsel deficient for failing to interview two alibi witnesses that Perez asked him to contact when record showed those witnesses provided personal affidavits to what they would have testified to); *Lair v. State*, 265 S.W.3d 580, 595 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (finding counsel deficient when appellant provided affidavits from over twenty witnesses, including appellant's mother, relatives, and neighbors, who were ready and willing to testify on appellant's behalf at the punishment hearing, but were never contacted by appellant's trial counsel).

The appellant argues that trial counsel summarized the evidence in a manner favorable to the State. (App'nt 7-9). The appellant focuses on trial counsel's suggestion that the appellant spend "some time" in the county jail (2 RR

10

48). (App'nt Brf. 8). But in his next sentence, trial counsel requested that the trial court grant defer adjudication after having the appellant spend "some time" in jail (2 RR 48). Trial counsel argued that with deferred adjudication the appellant had a chance to become a productive citizen and better father to his daughter (2 RR 48). It is likely that, due to the violent nature of the offenses and the fact that the appellant could not follow a court order, trial counsel felt this was the only way the trial court would consider deferred adjudication. *See Thompson v. State*, 915 S.W.2d 897, 904 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (finding it plausible "that counsel, after reviewing the evidence to be presented, decided that the best strategy would be to appear open and honest to the jury in hopes of mitigating punishment"); *Jordan v. State*, 859 S.W.2d 418, 422 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (affirming where trial counsel admitted the defendant's guilt in closing argument in the hope of securing more favorable sentencing).

Moreover, trial counsel requested deferred adjudication at the close of his argument (2 RR 48). Thus, reviewing trial counsel's argument in its entirety it is not so favorable to the State to render it ineffective. *Cf. Craig v. State*, 847 S.W.2d 434, 436 (Tex. App.—El Paso 1993, no pet.) (finding counsel's argument that summarized the evidence in a "State-oriented fashion" deficient in combination with *fifteen* other instances of deficient performance throughout trial).

11

Furthermore, because the appellant's allegation of ineffective assistance of counsel was not raised in a motion for new trial, trial counsel has had no opportunity to explain his conduct. And absent such opportunity, this Court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)); *see also Flemming v. State*, 949 S.W.2d 876, 880 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (noting that closing argument is area where trial strategy is most evident, and an appellate court presented with claim of ineffective assistance of counsel should review matters of trial strategy only if counsel's actions are without any plausible basis).

Finally, the appellant appears to argue that he is entitled to a presumption of unreasonableness due to the numerous errors and omissions. But the appellant does not cite any authority to support his position. (App'nt Brf. 9-10); *see* TEX. R. APP. P. 38.1(i). Moreover, this argument assumes that trial counsel erred. While a number of errors may become harmful in their cumulative effect, non-errors cannot become error cumulatively. *Rodriguez v. State*, 336 S.W.3d 294, 303 (Tex. App.—San Antonio 2010, pet. ref'd) (citing *Chamberlain v. State*, 998 S.W.2d 230 (Tex. Crim. App. 1999)).

Therefore, the appellant failed to show that his trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006) (noting that the right to effective assistance of counsel ensures the right to reasonably effective assistance and "[d]oes not mean errorless or perfect counsel whose competency of representation is to be judged by hindsight."); *Bone v. State*, 77 S.W.3d 828, 833-37 (Tex. Crim. App. 2002) (reiterating *Strickland*'s requirement that the record must reflect the errors and it is not a legal basis for finding counsel deficient the fact merely because he could have provided a better defense). Thus, the appellant's sole point of error should be overruled.

### C. *The appellant failed to meet the prejudice prong of Strickland because he failed to show that the result of the trial would have been different had trial counsel not made these alleged errors.*

Even if the record affirmatively demonstrated trial counsel's deficiency, the appellant has failed to show that, but for his trial counsel's errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694; *Lopez*, 343 S.W.3d at 142; *see also Woodford v. Visciotti*, 537 U.S. 19, 22–23 (2002) (noting when it is alleged that counsel performed deficiently at the punishment phase of trial, defendant must prove that there is a reasonable probability that, but for counsel's errors, the sentencing jury would have reached a more favorable penalty-phase verdict). Moreover, he has not offered or discussed any instances to show how

13

that could be true. *See Bone*, 77 S.W.3d at 837 (noting *Strickland* requires proof of prejudice); *Valencia v. State*, 891 S.W.2d 652, 664 (Tex. App.—Houston [1st Dist.] 1993), *rev'd on other grounds*, 946 S.W.2d 81 (Tex. Crim. App. 1997) (finding the appellant did not prove ineffective when he alleged that the trial would have been different but did not provide any specific examples to show how).

Trial counsel's performance was not a circumstance from which prejudice is presumed. *See Batiste v. State*, 888 S.W.2d 9, 14-15 (Tex. Crim. App. 1994) (noting that prejudice is presumed in some Sixth Amendment violations such as actual or constructive denial of counsel altogether at a critical stage of the proceeding or an actual conflict of interest). Here, as previously stated, trial counsel subjected the State's case to the adversarial process: he presented character letters for the court's consideration, cross-examined Prespentt developing doubts in her testimony, and presented the appellant in the best light possible to argue for deferred adjudication (2 RR 15-23, 25-40). *See Burdine v. Johnson*, 262 F.3d 336, 345 (5th Cir. 2001) (en banc) (distinguishing between the total lack of counsel and ineffective assistance of counsel; noting that prejudice is presumed "when, during a critical stage of a trial, counsel is either (1) totally absent, or (2) present but prevented from providing effective assistance").

The State's case was strong. The appellant pled guilty to two separate violent felony charges; the record showed that the appellant assaulted Prespentt

14

when a protective order was in place forbidding him from any contact (1 CR 6; 2 CR 6-7). Prespentt testified in detail about the pain from the assault, and the appellant's abusive history towards her (2 RR 7-27). *See* (St. Ex. #2). She described numerous instances of domestic violence through both emotional and physical abuse. *See* (St. Ex. #2). And because the appellant violated the protective order and the trial court's order of no contact with Prespentt, the trial court was concerned that the appellant could not follow his orders on probation (1 CR 12; 2 RR 50-51).

Finally, four years is at the low end of the range of punishment of two to ten years (2 RR 51). *See Vargas v. State*, 13-99-290-CR, 2000 WL 34410037, at *9 (Tex. App.—Corpus Christi Aug. 31, 2000, no pet.) (mem. op., not designated for publication) (finding a four year sentence was at the low end of the punishment range when it could have gone up to ten, and thus it could not be said that the trial counsel's deficient performance affected the outcome). The sentence, viewed in light of the family violence second offender statute, the appellant's criminal history, and the facts of this case, was not grossly disproportionate. *See Strickland*, 466 U.S. at 693. Therefore, the appellant has not shown that the outcome would have been different had trial counsel performed differently. *See Ex parte Rogers*, 369 S.W.3d 858, 864 (Tex. Crim. App. 2012) (finding relief is only granted when, but for trial counsel's errors, the sentencing jury would have reached a more favorable verdict).

Accordingly, the appellant has not shown how he was prejudiced. (App'nt Brf. 9-10). *See Thompson*, 9 S.W.3d at 812 (requiring the appellant to show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different in order to prove prejudice). Thus, trial counsel was not ineffective and the appellant's sole point of error should be overruled.

## CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ *Katie Davis*

KATIE DAVIS
Assistant District Attorney
Harris County, Texas
1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone (713) 755-5826
Fax Number (713) 755-5809
Davis_Katie@dao.hctx.net
State Bar Number: 24070242

16

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that: (a) the word count function of the computer program used to prepare this document reports that there are 3,554 words in it; and (b) a copy of the foregoing instrument will be served by efile.txcourts.gov to:

Syngman Stevens, Jr.
200 HWY 90-A, Suite B
Richmond, TX 77469
281-344-9997
281-344-0105
sstevensattorney@yahoo.com

/s/ *Katie Davis*

**KATIE DAVIS**
Assistant District Attorney
Harris County, Texas
1201 Franklin Street, Suite 600
Houston, Texas 77002
Telephone (713) 755-5826
Fax Number (713) 755-5809
Davis_Katie@dao.hctx.net
State Bar Number: 24070242

Date: October 13, 2015

17