Opinion issued March 15, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00445-CR

————————————

**JUAN GUSTAVO VAZQUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 209th District Court
Harris County, Texas
Trial Court Case No. 1466142

## MEMORANDUM OPINION

After appellant, Juan Gustavo Vazquez, without an agreed punishment recommendation from the State, pleaded guilty to the offense of aggravated

robbery,[1] the trial court assessed his punishment at confinement for twelve years. In his sole issue, appellant contends that the trial court erred in imposing an excessive sentence.[2]

We affirm.

## Background

After appellant pleaded guilty, the trial court reset the case for a pre-sentence investigation ("PSI") hearing and ordered preparation of a PSI report.

At the PSI hearing, the complainant, Jorge Perez, testified that on April 25, 2015, when he arrived at the Latino Sports Bar on Airline Drive and got out of his van, he "felt somebody . . . threatening him" with a firearm. Two people with firearms approached him, put a firearm to his head, and demanded his keys, wallet, and cellular telephone. The complainant was afraid and gave the individuals the requested items. He then threw himself on the ground, as he heard shots being fired. The complainant did not know who was firing the shots, but appellant got into the complainant's van and drove away.

The complainant further testified that since the aggravated robbery he is afraid for himself and his family. And he requested that appellant receive "the maximum punishment because [he] could have died that day."

---

[1]     *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2011).

[2]     *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13.

2

Appellant, in regard to the aggravated robbery, testified that he did put a firearm to the complainant's head and take his keys, money, and cellular telephone. And although he heard shots being fired, he did not fire any shots with his firearm. Appellant did, however, drive off in a van, which he did not own. He also did not immediately stop the van when law enforcement officers attempted to pull him over. According to appellant, he was scared, nervous, drunk, and "on pills" at the time, and he did not "want to go back to jail." Eventually, during the law enforcement officers' pursuit, appellant lost control of the van, crashed it, and tried to run away.

Appellant further testified that since the aggravated robbery, he has "straightened out" his life and he has "people that depend on [him] now." He currently owns an auto sales business, has a passion for selling cars, pays taxes, and is supporting his fiancé and child.

### Standard of Review

We review a sentence imposed by a trial court for an abuse of discretion. *Buerger v. State*, 60 S.W.3d 358, 363 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). Generally, we will not disturb a sentence assessed within the proper statutory punishment range. *Id.*

**Cruel and Unusual Punishment**

In his sole issue, appellant argues that the trial court erred in imposing an excessive sentence, resulting in cruel and unusual punishment, because "a sentence of 12 years is not warranted by . . . the evidence produced during the [PSI] hearing," he "d[oes] not have an extensive criminal history" or "a history of committing violent crimes," he "took responsibility for committing the offense," and he is "on the path of being a good and productive citizen." *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. The State asserts that appellant has not preserved his complaint for appellate review.

The Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution require that a criminal sentence be proportionate to the crime for which a defendant has been convicted.[3] *Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009 (1983); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd); *see* U.S. CONST. amend. VIII;

---

[3] Although appellant bases his argument on both the United States and Texas Constitutions, he argues the two provisions together, providing no separate argument under the Texas Constitution or any argument as to why the Texas Constitution provides more protection than the United States Constitution. *See Heitman v. State*, 815 S.W.2d 681, 690 n.23 (Tex. Crim. App. 1991); *Rivera v. State*, 363 S.W.3d 660, 678 n.12 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Our courts have consistently concluded that there is "no significance in the difference" between the two constitutional provisions. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

TEX. CONST. art. I, § 13. Texas courts have generally held that a punishment that falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See, e.g.*, *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *Ajisebutu v. State*, 236 S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("Generally, a sentence within the statutory range of punishment for an offense will not be held cruel or unusual under the Constitution of either Texas or the United States.").

In order to preserve for appellate review a complaint of cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Ladd v. State*, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999) (concluding defendant did not preserve cruel-and-unusual-punishment complaint for appellate review); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *see also Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (specific objection must be made in trial court to preserve federal or state constitutional claim of cruel and unusual punishment). A specific objection to the trial court brings the trial court's attention to a possible error that it may correct. *See Solis*, 945 S.W.2d at 301 ("The purpose for the rule is to allow opposing counsel to remove the objection or the trial court to cure any harm.").

Here, after the trial court announced his sentence, appellant did not object, obtain a ruling from the trial court, or raise his cruel-and-unusual-punishment complaint in a motion for new trial. *See* TEX. R. APP. P. 33.1(a); *Noland*, 264 S.W.3d at 151–52; *Solis*, 945 S.W.2d at 301. Appellant concedes in his brief that "he did not lodge any objection at the time of sentencing" and "[t]he right to be free from cruel and unusual punishment may be waived by a failure to make a timely objection to the punishment." (Emphasis omitted.) However, he also asserts that "this Court is not strictly precluded from considering the cruel and unusual nature of . . . [his] punishment even though there was no objection after the sentenc[e] was pronounced."

Appellant fails to provide any analysis or authority in support of his argument that the Court may still consider his cruel-and-unusual-punishment complaint, despite the lack of an objection or a motion for new trial. *See* TEX. R. APP. P. 38.1(i) (appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). An appellant's argument that is not adequately briefed is waived. *See id.*; *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011) (point of error inadequately briefed "presents nothing for review").

Accordingly, because appellant did not timely object in the trial court or raise his cruel-and-unusual-punishment complaint in a motion for new trial, we hold that

he has not preserved his complaint for our review.[4]  *See* TEX. R. APP. P. 33.1(a);

*Noland*, 264 S.W.3d at 151–52; *Solis*, 945 S.W.2d at 301.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[4]  We note that appellant's punishment of confinement for twelve years fell near the low end of the applicable statutory range of punishment for the offense of aggravated robbery—a first-degree felony offense punishable by "imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years."  *See* TEX. PENAL CODE ANN. § 12.32(a) (Vernon 2011) (punishment for first-degree felony offense), § 29.03(a)(2), (b) (aggravated robbery constitutes first-degree felony offense); *see, e.g.*, *Jacoby v. State*, 227 S.W.3d 128, 131–33 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding defendant waived challenge to alleged disproportionate sentence where he did not object in trial court or through post-trial motion and noting punishment within statutory limits not cruel and unusual).  And appellant does not contend, nor do we conclude, that his sentence resulted from "fundamental" error such that he was not required to object to preserve error.  *See Young v. State*, 425 S.W.3d 469, 473–74 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (holding no fundamental error where defendant convicted of first-degree felony offense and sentenced on lower end of statutory range of punishment authorized for such offenses).